RULE 801.  QUALIFICATIONS FOR DEFENSE COUNSEL IN CAPITAL CASES.

In all cases in which the **[district]** attorney **for the Commonwealth** has filed a Notice of Aggravating Circumstances pursuant to Rule 802, before an attorney may participate in any stage of the case either as retained or appointed counsel, the attorney must meet the educational and experiential criteria set forth in this rule.

(1)  EXPERIENCE:  Counsel shall

(a)  be a member in good standing of the Bar of this Commonwealth;

(b)  be an active trial practitioner with a minimum of 5 years criminal litigation experience; and

(c)  have served as lead or co-counsel in a minimum of 8 significant cases that were given to the jury for deliberations.  If representation is to be only in an appellate court, prior appellate or post-conviction representation in a minimum of 8 significant cases shall satisfy this requirement.  A "significant case" for purposes of this rule is one that charges murder, manslaughter, vehicular homicide, or a felony for which the maximum penalty is 10 or more years.

(2)  EDUCATION:

(a)  During the 3-year period immediately preceding the appointment or entry of appearance, counsel shall have completed a minimum of 18 hours of training relevant to representation in capital cases, as approved by the Pennsylvania Continuing Legal Education Board.

(b)  Training in capital cases shall include, but not be limited to, training in the following areas:

(i)      relevant state, federal, and international law;

(ii)     pleading and motion practice;

(iii)    pretrial investigation, preparation, strategy, and theory regarding guilt and penalty phases;

(iv)    jury selection;

(v)     trial preparation and presentation;

(vi)    presentation and rebuttal of relevant scientific, forensic, biological, and mental health evidence and experts;

(vii)   ethical considerations particular to capital defense representation;

(viii)  preservation of the record and issues for post-conviction review;

(ix)    post-conviction litigation in state and federal courts;

(x)     unique issues relating to those charged with capital offenses when under the age of 18; **and**

(xi)    counsel's relationship with the client and family.

(c)  The Pennsylvania Continuing Legal Education Board shall maintain and make available a list of attorneys who satisfy the educational requirements set forth in this rule.


COMMENT:  The purpose of this rule is to provide minimum uniform statewide standards for the experience and education of appointed and retained counsel in capital cases, to thus ensure such counsel possess the ability, knowledge, and experience to provide representation in the most competent and professional manner possible.  These requirements apply to counsel at all stages of a capital case, including pretrial, trial, post-conviction, and appellate.

The educational and experience requirements of the rule may not be waived by the trial or appellate court.  A court may allow representation by an out-of-state attorney *pro hac vice,* if satisfied the attorney has equivalent experience and educational qualifications, and is a member in good standing of the Bar of the attorney's home jurisdiction. *See* Pa.B.A.R. 301.

**For purposes of the requirements of paragraph (1), experience in the role of either prosecutor or defense counsel should be considered.**

An attorney may serve as "second chair" in a capital case without meeting the educational or experience requirements of this rule. "Second chair" attorneys may not have primary responsibility for the presentation of significant evidence or argument, but may present minor or perfunctory evidence or argument, if deemed appropriate in the discretion of the court. Service as a "second chair" in a homicide case will count as a trial for purposes of evaluating that attorney's experience under paragraph (1)(c) of this rule.

Paragraph (1)(c) was amended in 2007 to clarify that (1) cases that are tried to a verdict or that end with a mistrial after the case is given to the jury for deliberations satisfy the requirements of the rule, and (2) all cases charging felonies for which the term of imprisonment is 10 or more years will count as "significant cases," see, *e.g.,* Crimes Code, 18 Pa.C.S. § 106(b), and 35 P.S. § 780-113(f)(1).

The CLE Board may approve entire courses focusing on capital litigation, or individual portions of other courses dealing with general areas relevant to capital cases (such as trial advocacy). It is expected that counsel will attend training programs encompassing the full range of issues confronting the capital litigator from the investigative and pretrial stages through appellate and post-conviction litigation in the state and federal courts.

Determination of experience will be accomplished by the appointing or admitting court, by colloquy or otherwise.

For the entry of appearance and withdrawal of counsel requirements generally, see Rule 120.

For the appointment of trial counsel, see Rule 122.

For the entry of appearance and appointment of counsel in post-conviction collateral proceedings, see Rule 904.

NOTE: Adopted June 4, 2004, effective November 1, 2004; amended April 13, 2007, effective immediately; amended October 1, 2012, effective November 1, 2012; amended

December 10, 2013, effective February 10, 2014 **[.]** **;
amended January 11, 2016, effective April 1, 2016.**

\*          \*          \*          \*          \*          \*

*COMMITTEE EXPLANATORY REPORTS:*

*Final Report explaining the April 13, 2007 changes to paragraph
(1)(c) published with the Court's Order at 37 Pa.B. 1960 (April 28,
2007).*

*Final Report explaining the October 1, 2012 changes to the first
paragraph published with the Court's Order at 42 Pa.B. 6635
(October 20, 2012).*

*Final Report explaining the December 10, 2013 change to the
Comment published with the Court's Order at 43 Pa.B. 7545
(December 28, 2013).*

*Final Report explaining the January 11, 2016 amendments
correcting a reference to the prosecutor and clarifying the
experiential requirements of the rule published with the Court's
Order at 46 Pa.B.      (          , 2016).*